UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:20-CR-00202-01 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| CHARLES DIRK LAFLEUR (01) | MAGISTRATE JUDGE WHITEHURST |

### ORDER and REASONS

Before the Court is a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), filed by Charles Dirk Lafleur. [ECF No. 55]. The Government opposes the motion, arguing Lafleur is entitled to no relief.[1] For the reasons that follow, the motion is DENIED.

### I.
### BACKGROUND

On October 12, 2022, Lafleur pleaded guilty to one count of Possession of Child Pornography involving prepubescent minors who had not attained twelve years of age, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).[2] On April 6, 2023, the Court sentenced Lafleur to 78 months of imprisonment, followed by a ten-year term of supervised release.[3] Lafleur surrendered for service of sentence on May 8, 2023. On June 5, 2024, the United States Court of Appeals for the Fifth Circuit affirmed the Judgment.[4] On July 8, 2024, the Court denied Lafleur's motion for sentence reduction based on retroactive amendments to the U.S. Sentencing Guidelines.[5] Lafleur

---

[1] ECF No. 59.
[2] *See* ECF Nos. 1, 24, 26-2, and 45 at 9, 11-12, 21.
[3] *See* ECF No. 37.
[4] ECF No. 52.
[5] ECF No. 53.

is currently housed at FCI Texarkana, with a projected release date of December 4, 2028.[6] He has served approximately 19 months of his 78-month sentence.

Lafleur now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (commonly referred to as "compassionate release"). Lafleur seeks early release based on (1) his medical issues, (2) his risk of becoming severely ill if he contracts COVID-19 due to his underlying medical issues, and (3) his parents, who are elderly and suffer from various physical ailments, have no caretaker due to his incarceration.

## II.
## APPLICABLE LAW

"A judgement of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances."[7] Section 3582(c)(1)(A) establishes an exception to the general rule of finality. Under § 3582(c)(1)(A), a court may modify a previously imposed term of imprisonment if it finds: (1) "extraordinary and compelling reasons warrant such a reduction," (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) early release is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).[8] Additionally, the movant must exhaust his or her administrative remedies before filing a motion for sentence reduction in the district court.[9] In this matter, the Government agrees Lafleur has satisfied the administrative exhaustion requirement of the statute.[10]

---

[6] *See* https://www.bop.gov/inmateloc/ (last visited Dec. 16, 2024).
[7] *Dillon v. U.S.*, 560 U.S. 817, 824 (2010) (internal alterations and quotation marks omitted) (quoting 18 U.S.C. §3582(b)).
[8] 18 U.S.C. § 3582(c)(1)(A).
[9] *Id.*
[10] ECF No. 59 at 3.

The Sentencing Commission's policy statements provide six extraordinary and compelling reasons that may justify the reduction of a prison term, two of which are potentially applicable to Lafleur. The first is medical circumstances of the defendant, which provides:

(A)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B)  The defendant is--

   (i)  suffering from a serious physical or medical condition,

   (ii)  suffering from a serious functional or cognitive impairment, or

   (iii)  experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C)  The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D)  The defendant presents the following circumstances—

   (i)  the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

   (ii)  due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

   (iii)  such risk cannot be adequately mitigated in a timely manner.[11]

---

[11] U.S.S.G. § 1B1.13(b)(1).

The second extraordinary and compelling reason potentially applicable to this matter is "family circumstances of the defendant," which provides in pertinent part that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."[12]

### III.
### ANALYSIS

**A.    Whether Lafleur's medical circumstances are extraordinary and compelling.**

Lafleur asserts that he suffers from hypertensive heart disease with heart failure, gastro-esophageal reflux disease with esophagitis without bleeding, and hyperlipidemia. He contends his heart disease and high blood pressure put him "at greater risk of harm if he contracts COVID-19, and the availability of the COVID-19 vaccine can not significantly minimize that risk . . . in the Federal Prison system."[13] Lafleur acknowledges that he refused the COVID-19 vaccine "based on the fact that there is no scientific proof that the side effects would not increase the Defendant's health problems, nor cause death."[14]

"[A] generalized fear of COVID-19 does not automatically entitle a prisoner to release."[15] Rather, Lafleur must show: (1) he is housed at a facility "affected or at imminent risk of being affected by . . . an ongoing outbreak of infectious disease," (2) due to his personal health risk factors, he is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease, and (3) this risk cannot be adequately mitigated in a timely manner.[16] Lafleur fails to meet the first element, as he has not shown that FCI Texarkana is affected, or at imminent risk of being affected, with an outbreak of COVID-19. The

---

[12] *Id.* at 1B1.13(b)(3).
[13] ECF No. 55 at 4.
[14] *Id.* at 5.
[15] *United States v. Rodriguez*, 27 F.4th 1097, 1100 (5th Cir. 2022) (citing *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021)).
[16] U.S.S.G. § 1B1.13(b)(1)(D).

most recent publicly available data indicates that as of October 9, 2024, FCI Texarkana had no open cases of COVID-19.[17] Thus, there is no information before the Court indicating that the correctional facility at which Lafleur is housed is experiencing an ongoing outbreak of infectious disease.

Lafleur further contends that his medical conditions have "substantially diminished" his ability to provide self-care within the institution, but he does not develop this argument any further.[18] He also contends he is suffering from "several terminal illnesses and FBOP is only providing medications that treat the symptoms, but do not help the Defendant's condition."[19] In support, he states the ADHD medication the BOP administers to him has "no effect on Defendant's medical/mental issues," and that his "immune system has grown weaker" due to BOP's purportedly inadequate care.[20] As these statements are wholly conclusory, and the latter is wholly unsupported, they are insufficient to warrant a reduction of sentence.

**B.       Whether Lafleur's family circumstances are extraordinary and compelling.**

Lafleur asserts that his parents have significant health issues and are without a primary caregiver, due to his incarceration.[21] According to Lafleur, his sister and brother "live miles away . . . and cannot move back and help out full time because of their own personal obligations."[22] As the government correctly points out, this was a matter addressed at sentencing and Lafleur has not presented any information suggesting his family circumstances have significantly changed since sentencing.[23] Further, Lafleur has three adult children who live close to his parents, and he does

---

[17] *See* https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited December 16, 2024).
[18] ECF No. 55 at 5.
[19] *Id.* at 7.
[20] *Id.*
[21] *Id.* at 8; *see also* ECF No. 39 at 9, ¶ 39.
[22] ECF No. 55 at 8.
[23] ECF No. 59 at 7; *see also* ECF No. 39 at 9, ¶ 39; ECF No. 44 at 7-10.

not address whether they could assist his parents.[24] The Court further notes that Lafleur's uncle advised at Lafleur's sentencing that if he had to assist Lafleur's parents, he could, but he could not provide the same level of care that Lafleur had been providing.[25] Under these facts, the Court cannot find "the defendant would be the *only* available caregiver for the parent."[26]

C.      Whether the factors set forth in 18 U.S.C. § 3553(a) support relief.

The Court finds the § 3553(a) factors do not support release. Lafleur possessed over 600 images of child pornography, some of which involved prepubescent minors under the age of 12.[27] Lafleur was a user of illegal narcotics prior to incarceration, and he has continued to use illegal substance while in the custody of the Bureau of Prisons.[28] Lafleur has served only slightly more than 19 months of his 78-month sentence. Under these circumstances, the Court finds a reduction of sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or deter criminal conduct while protecting the public from further crimes.

IV.
CONCLUSION

For the reasons set forth herein, the Motion for Sentence Reduction [ECF No. 55] filed by Charles Dirk Lafleur is DENIED.

THUS DONE in Chambers on this 17th day of December, 2024.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[24] ECF No. 39 at 9, ¶¶ 41-42.
[25] ECF No. 44 at 9.
[26] U.S.S.G. § 1B1.13(b)(3)(C) (emphasis added).
[27] ECF No. 39 at 4-6, 7.
[28] *Id.* at 11, ¶ 53; ECF No. 59-1 at 1, 5.